**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Lieutenant, Junior Grade, SHELTON CARTER,
4201 Montana Avenue
Apartment A
Charleston, SC 29404

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
2707 Martin Luther King Jr. Avenue, SE
Washington, D.C. 20528

UNITED STATES COAST GUARD,
2703 Martin Luther King Jr. Avenue, SE
Washington, D.C. 20593

UNITED STATES COAST GUARD, SECTOR CHARLESTON,
196 Tradd Street
Charleston, SC 29401

*Defendants*.

Civil Action No. _________.

# COMPLAINT

## *Introduction*

Plaintiff, Lieutenant, Junior Grade, Shelton Carter is an active duty member of the United States Coast Guard. Plaintiff was accused of misconduct by the Coast Guard and requested the Coast Guard Investigative Service report of investigation into his alleged misconduct, among other materials, through Freedom of Information Act ("FOIA") and Privacy Act requests to Defendant Department of Homeland Security and Defendant United States Coast Guard Sector Charleston. Plaintiff has received no reply to his requests, though it has been over 20 business days. And while

Plaintiff was permitted to inspect some of his records, those records were incomplete, he was not permitted to make copies, and the records were redacted with woefully insufficient explanation.

Plaintiff now brings suit in this Honorable Court, seeking to enforce the rights to which he is entitled under the FOIA and the Privacy Act. For the reasons which follow, Defendants failed to make a timely determination on Plaintiff's FOIA requests, and also improperly withheld records responsive to Plaintiff's FOIA requests. Furthermore, Defendants improperly denied Plaintiff's request to view his own records under the Privacy Act. This Court should enter an order ordering Defendants to release all responsive documents to Plaintiff's FOIA requests, in unredacted form, as provided under the FOIA, ordering Defendants to permit Plaintiff to fully inspect his records as provided for under the Privacy Act, granting Plaintiff an award of attorney's fees for the costs of bringing this action as provided under the FOIA (5 U.S.C. § 552(a)(4)(E)(i)), and Privacy Act (5 U.S.C. § 552a(g)(3)(B)), and any other and further relief as the Court may deem, in the circumstances, be just and proper.

***Jurisdiction***

1. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B), which grants jurisdiction to "the district court of the United States in the district…[of] the District of Columbia" to hear complaints to compel production, under the FOIA, of requested records improperly withheld from the complainant.

2. The Court also has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1), which provides for redress in the District Courts based upon violations of the Privacy Act.

***Venue***

3. Venue is proper under 28 U.S.C. §1391(e)(1), as Defendants United States Department of Homeland Security and United States Coast Guard both reside in this District.

***Parties***

4. Plaintiff, Lieutenant, Junior Grade ("LT JG") Shelton Carter, is a citizen of the United States who resides at the address stated in the caption. At all relevant times during this litigation, LTJG Carter was on active duty in the United States Coast Guard.

5. Defendant, the United States Department of Homeland Security, is an agency of the United States that maintains records within the meaning of the FOIA and the Privacy Act, and is located, upon information and belief, at the address listed in the caption.

6. Defendant, the United States Coast Guard, is an agency of the United States that maintains records within the meaning of the FOIA and the Privacy Act, and is located, upon information and belief, at the address listed in the caption.

7. Defendant, the United States Coast Guard Sector Charleston, is an agency of the United States that maintains records within the meaning of the FOIA and the Privacy Act, and is located, upon information and belief, at the address listed in the caption.

***Statute of Limitations***

8. The statute of limitations for bringing a FOIA complaint is six years. *See* 28 U.S.C. § 2401(a); *see, e.g., Borromeo v. Mayorkas,* 2023 WL 2249966 *1, *4 (E.D. Va. February 27, 2023).

9. A FOIA requester is generally required to exhaust administrative appeal remedies before seeking judicial redress. *See Hidalgo v. FBI,* 344 F.3d 1256, 1258–59 (D.C.Cir.2003); *Oglesby v. Department of the Army,* 920 F.2d 57, 61–62 (D.C.Cir.1990).

10. But, subject to exceptions not relevant to this action, a plaintiff is considered to have constructively exhausted his remedies if the agency does not respond to a request within 20 business days. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 184 (D.C. Cir. 2013).

11. Here, as detailed *infra,* Plaintiff has constructively exhausted his remedies. Defendants failed to reply to Plaintiff's requests in 20 business days. Plaintiff also brings this action within six years of his FOIA requests, which were made in June 2026.

12. Additionally, under the Privacy Act, suit must be brought within two years of the date on which the claim accrues. 5 U.S.C. § 552a(g)(5).

13. "[T]he cause of action does not arise and the statute of limitation does not begin to run until the plaintiff knows or should know of the alleged violation" of the Privacy Act. *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987).

14. Here, as detailed *infra,* Plaintiff became aware of Defendants' violation of the Privacy Act on or about August 27, 2026.

15. Thus, all claims in this case are timely filed.

***Statement of the Facts***

16. Plaintiff enlisted in the United States Navy at age 19, continuing a family tradition of military service by Plaintiff's father and grandfather, each a Lieutenant Colonel (O-5) with 20 years in the U.S. Air Force.

17. At Recruit Training Command Great Lakes, Illinois, Plaintiff earned the National Defense Service Medal and qualified as a Pistol Sharpshooter.

18. At Information Warfare Training Command Corry Station in Pensacola, Florida, Plaintiff completed specialized cryptologic systems training and obtained a Top Secret/Sensitive Compartmented Information ("TS/SCI") clearance with a full-scope polygraph.

19. In November 2017, Plaintiff reported to Navy Information Operations Command ("NIOC") Texas at the National Security Agency/Central Security Service ("NSA/CSS") Texas in San Antonio, serving until Plaintiff's honorable discharge in April 2021.

20. Plaintiff was repeatedly recognized as Performer of the Quarter and Hotshot of the Month; earned the Navy Good Conduct Medal, Global War on Terrorism ("GWOT") Service Medal, Joint Service Achievement Medal, and Enlisted Information Warfare Specialist ("EIWS") pin; achieved a 2/2 Defense Language Proficiency Test score in German; and qualified as an Applied Suicide Intervention Skills Training ("ASIST") counselor.

21. Plaintiff stopped an armed robbery in progress immediately outside the NSA/CSS facility, receiving a Certificate of Merit from the Mayor of San Antonio. Plaintiff also volunteered for Operation Continuing Promise hurricane relief and received a Flag Letter of Commendation from Commander, U.S. Fourth Fleet.

22. While at NIOC Texas, Plaintiff pursued college courses through the Navy's Tuition Assistance program in preparation for commissioning. He was honorably discharged in April 2021 to complete his education full-time.

23. Plaintiff earned a Bachelor of Arts in Criminology from the University of North Carolina Wilmington, graduating with a 3.72 GPA in December 2022.

24. Plaintiff then joined the United States Coast Guard, completed Direct Entry Petty Officer Training in January 2023, and was assigned to Station Cape Disappointment in Ilwaco, Washington. Within one year, Plaintiff earned his 47-foot Motor Lifeboat Boat Crew Member and Command Watchstander qualifications and the Coast Guard Meritorious Unit Commendation.

25. In January 2024, Plaintiff attended Officer Candidate School ("OCS") in New London, Connecticut, graduating in the top quarter of a class of more than 110 students. Commissioned as an Intelligence Officer at U.S. Coast Guard Sector Charleston, South Carolina, Plaintiff requalified for a Top Secret/Sensitive Compartmented Information (TS/SCI) clearance.

26. At Sector Charleston, Plaintiff completed the Intelligence Collectors School, Defense Intelligence Agency ("DIA") SCI Security Officials Course, and National Geospatial-Intelligence Agency ("NGA") GIS 2101 Fundamentals Course. Plaintiff earned designations as a Geographic Information Systems ("GIS") Specialist, Intelligence Core Master, Human-Derived Intelligence Law Enforcement Intelligence Exploitation ("HDI-LEIE") Specialist, Special Security Officer, Key Control Officer, Accountable Property Officer, Coast Guard Intelligence Professional Insignia holder, and Officer Specialty Code CG-INT-10, and received the Coast Guard Commandant's Letter of Commendation Ribbon and two Coast Guard Meritorious Team Commendations.

27. As Sector Charleston Intelligence Officer, Plaintiff developed six comprehensive collection plans and produced 192 intelligence products, 46 Field Intelligence Reports ("FIRs"), and 7 threat assessments, enhancing Maritime Domain Awareness ("MDA")—understanding threats and activity in the maritime environment—informing leadership, and strengthening collaboration across the Joint Intelligence Community and inter-agency partners throughout the

Area of Responsibility ("AOR").

28. Plaintiff screened and vetted more than 3,173 vessels entering the Port of Charleston, a strategic military seaport with $97 billion in annual economic impact, and delivered 17 intelligence briefings to federal, state, and local partners, including monthly SEAHAWK inter-agency sessions and targeted briefings for events such as the Joint Base Charleston Air Show, improving inter-agency coordination, port security awareness, and regional threat response.

29. As Reserve Division Officer ("DIVO"), Plaintiff delivered 174 hours of structured on-the-job training ("OJT") and virtual mentorship to junior enlisted reservists and officer candidates. Under Plaintiff's guidance, the reserve unit achieved a 300% increase in intelligence collections and reporting, 100% operational readiness for eight reserve members, and the Sector's highest member morale rating from Reserve Command. Plaintiff also officiated swearing-in ceremonies, mentored 150 officer candidates at college career fairs, and guided 17 recruits into the Delayed Entry Program.

30. Throughout Plaintiff's Navy and Coast Guard service, Plaintiff has demonstrated technical excellence, superior judgment, decisive leadership, mission focus, and commitment to developing others.

31. On or about April 24, 2026, Plaintiff received a negative US Coast Guard Administrative Remarks Form CG 3307 ("CG 3307" or "Page 7") from the Commanding Officer of United States Coast Guard Sector Charleston, Captain ("CAPT") Shawn A. Lansing.

32. The CG 3307 stated,

> On November 21, 2025, a Criminal Investigation was initiated by the Coast Guard Investigative Service (CGIS) following an allegation that you had sexually harassed and sexually assaulted enlisted female service member, and exposed yourself, via a nude

> photograph, to two female service members while outside of the workplace. CGIS conducted the investigation on February 3, 2026.
>
> …
>
> Following a review of the investigation, I have determined, based on a preponderance of the evidence, that on more than one occasion you engaged in conversations of a graphic sexual nature regarding your own personal sexual activity with more junior female service members, used sexual innuendo, discussed the bodily figure and sexual attractiveness of a petty officer with her peers, and showed a nude photograph of yourself to these members.

33. An adverse CG 3307 can have an enormous detrimental impact on a Coast Guard member's career. For this reason, and because the allegations were inaccurate, misleading, and unsupported by the evidence, Plaintiff retained counsel and sought to have the CG 3307 removed from his records.

34. To that end, on or about June 3, 2026, counsel for Plaintiff sent a memorandum to CAPT Lansing.

35. The memorandum stated that "LT JG CARTER was just issued an adverse administrative counseling (CG-3307) that is both legally and factually insufficient."

36. The memorandum requested "all investigations (with enclosures and exhibits, even video interviews) pertaining to LT JG CARTER- e.g., Law Enforcement Reports (LER), Coast Guard Investigative Service (CGIS) Reports of Investigation (ROI), and command investigations and/or inquiries."

37. The memorandum noted the existence of a CGIS investigation initiated in November 2025, as noted in the CG 3307 received by Plaintiff.

38. The memorandum further requested "all documentation (including command recommendations) considered in initiating the adverse Administrative Remarks in the case of LT

JG CARTER."

39. The memorandum finally requested "all other documentation related to this case."

40. The memorandum also attached FOIA and Privacy Act requests, directed to Defendants United States Coast Guard Sector Charleston and the United States Department of Homeland Security.

41. The June 3, 2026, FOIA and Privacy Act requests asked for:

> "All releasable information in any form, including
>
> Under the FOIA and PA, any email, including government email and text messages, to or from Warrant Officer Agent Keith E. Bosworth, USCG/CGIS (keith.e.bosworth@uscg.mil); Captain Shawn A. Lansing, USCG, Commanding Officer, Sector Charleston, at Shawn.A.Lansing@uscg.mil and Commander Christopher M. Nichols, USCG, Executive Officer, Sector Charleston, at Chistopher.M.Nichols@uscg.mil, pertaining to LTJG Carter dated on or after March 1, 2026, to May 31, 2026.
>
> Under the FOIA and PA, any and all records pertaining to any case files or investigations and/or subsequent and related adverse administrative action pertaining to LTJG Carter, between on or about November 21, 2025, to the present (June 3, 2026). Specific documents include but are not limited to:
>
> Any and all preliminary inquiries, command investigations, CGIS reports of investigation, each with all exhibits and enclosures
>
> Any and all endorsements thereon
>
> Staff Judge Advocate review memoranda
>
> Memoranda of the office of the Chief Prosecutor
>
> Any and all other records related, such as personnel file documentation (e.g. adverse fitness evaluation and/or Page 7's and rebuttal matters submitted and any and all staffing memoranda and accompanying exhibits and enclosures regarding the issuance of the May/June 2026 page 7 by CAPT Lansing to LTJG Carter."

42. Plaintiff authorized the documents to be released to his counsel, signed the request under penalty of perjury pursuant to 28 U.S.C. § 1746, included his date and place of birth as well as his current address, and attached a copy of his driver's license.

43. Plaintiff's counsel also sent a preservation request for the items requested in the FOIA and Privacy Act requests on the same date, also directed to Defendants United States Coast Guard Sector Charleston and the United States Department of Homeland Security.

44. On or about June 5, 2026, counsel for Plaintiff sent a follow up FOIA and Privacy Act request, again directed to Defendants United States Coast Guard Sector Charleston and the United States Department of Homeland Security.

45. The June 5, 2026, FOIA and Privacy Act request asked for:

> Requested under the FOIA and PA, any and all records pertaining to any case files or investigations and/or subsequent and related adverse administrative action pertaining to LT JG CARTER, between on or about November 21, 2025, and the present. Specific documents include, but are not limited to any/all CGIS Reports of Investigation, each all exhibits and enclosures, including videos.

46. Plaintiff authorized the documents to be released to his counsel, signed the request under penalty of perjury pursuant to 28 U.S.C. § 1746, included his date and place of birth as well as his current address, and attached a copy of his driver's license.

47. Both the June 3, 2026, and the June 5, 2026, FOIA and Privacy Act requests were confirmed received by Defendants United States Coast Guard Sector Charleston and the United States Department of Homeland Security.

48. A few days later, on or about June 8, 2026, Plaintiff submitted a rebuttal to the CG 3307.

49. In his rebuttal, Plaintiff requested, among other things, that the CG 3307 be rescinded, and emphasized that the CG 3307 was based on a CGIS investigation which he had "not yet been afforded a meaningful opportunity to review."

50. Plaintiff further denied that he "engaged in conduct warranting the adverse characterization reflected in this entry, and deny that I intentionally harassed, assaulted, exposed myself to, or sought to harm any Coast Guard member."

51. Plaintiff noted that, through counsel, he had submitted FOIA and Privacy Act requests seeking "the CGIS Report of Investigation, exhibits and enclosures, related case files, endorsements, legal review memoranda, Office of Chief Prosecutor materials, command recommendations, personnel-file documentation, and related communications."

52. As a result of the negative CG 3307, Plaintiff received an adverse Officer Evaluation Report ("OER") for the period of February 1, 2026, to July 24, 2026.

53. However, Plaintiff's inability to review the CGIS investigation and other related materials hindered his ability to respond to the OER's adverse remarks.

54. On or about July 30, 2026, Plaintiff submitted a request for redress under Article 138, UCMJ, to CAPT Lansing, his commanding officer.

55. The request for redress argued that CAPT Lansing had failed to provide Plaintiff with a meaningful opportunity respond before the adverse CG-3307 was filed, relied upon, or otherwise used adversely; had failed to provide a timely written decision on the requests for delayed entry, reconsideration, rescission, and supplemental response time; and had continued or permitted the adverse CG-3307 to remain available for adverse use without resolving the above requests.

56. In his request for redress, Plaintiff requested that the CG 3307 be rescinded, or in the alternative that filing of the CG 3307 be suspended, that Plaintiff be provided with a meaningful supplemental response process, and that after the supplemental submission that the CG 3307 be reconsidered, and that all relevant records and prior submissions be confirmed and preserved.

57. On or about August 11, 2026, Plaintiff received a letter from Lieutenant Commander ("LCDR") Emily R. Kingsley, at Coast Guard Personnel Service Center, which stated: "Administrative action has been initiated under Article 1 .J. of [Military Separations, COMDTINST 1000.4C] to convene a Special Board to recommend whether your [Coast Guard] commission should be revoked."

58. The letter further indicated that if a board convened and recommended Plaintiff's discharge, he could receive a "General (Under Honorable Conditions)" characterization of service, hindering his access to military benefits post-discharge.

59. On or about August 24, 2026, Plaintiff's Article 138, UCMJ, request for redress was summarily denied without explanation by CAPT Lansing.

60. The next day, on or about August 25, 2026, counsel for Plaintiff received the following reply (quoted in pertinent part) from Defendant United States Coast Guard's FOIA Office:

> This acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request to the U.S. Coast Guard (USCG) dated 6/3/2026, and seeking any emails (and texts) regarding an individual dated on or after 3/1/26 through 5/31/26 in addition to any and all preliminary inquiries, command investigations, and CGIS Reports of Investigation. Your request was received in this office on 6/3/2026.
>
> Please be advised that DHS FOIA regulations at 6 C.F.R. Part 5 §5.3(a), provide, in the case of third-party information requests, you will obtain the greatest access if you provide a statement from the

> individual verifying his or her identity and certifying that individual's agreement that records concerning him or her may be accessed, analyzed and released to a third party. DHS regulations require that absent a statement from the subject of the records permitting you to access such records the Coast Guard is required to balance the privacy interests of the subject of the records against any public interest in the records that you have articulated. Because you have not articulated sufficient public interest in the information, we are unable to initiate a search for responsive records.
>
> The individual must also verify their identity. The DHS regulations, 6 CFR Part 5 § 5.21 ( d), require verification of their identity, including your full name, current address and date and place of birth. The request must be made in writing, must contain their signature, and should either be notarized or contain a statement made under penalty of perjury as permitted by 28 U.S.C. 1746.
>
> Alternatively, the subject of the records may complete the Department of Justice (DOJ) Certification of Identity form (DOJ-361), which can be found here: https://www.justice.gov/ust/file/doj361_form.pdf/dl
>
> This is not a denial of your request. Upon receipt of a perfected request, you will be advised as to the status of your request.
>
> If you have any questions or would like to discuss this matter, please feel free to contact this office at 206-815-7438.

61. Plaintiff had previously compiled with the requirements noted in the email – he had certified his agreement that records pertaining to him be divulged to his counsel, and he had submitted his driver's license, full name, current address, date and place of birth, and signed pursuant to 28 U.S.C. § 1746, under penalty of perjury.

62. On August 27, 2026, counsel for Plaintiff, and Plaintiff himself, were finally given an opportunity to review records related to the Coast Guard investigation, pursuant to Plaintiff's repeated entreaties and FOIA and Privacy Act requests.

63. The records reviewed were approximately 30 pages.

64. However, upon information and belief, there were significant absences in the records.

65. Specifically, and among other things, the records reviewed by Plaintiff and his counsel did not include a Coast Guard Form 5354A. Coast Guard Form 5354A is a standard form prepared by Defendant United States Coast Guard in response to allegations of harassing behavior. *See* https://www.dcms.uscg.mil/forms/smdsearch4081/5354/smdcat4081/CG/.

66. The visible section of the CGIS report annotated that a "CG_5354A.pdf" regarding the Plaintiff was uploaded to its reporting system on December 10, 2025. Nevertheless, such a PDF version of the Coast Guard Form 5354A was conspicuously absent from the inspection provided to Plaintiff and his counsel.

67. Plaintiff was not permitted to create copies of the records, nor was Plaintiff provided with copies of the records.

68. The records which were reviewed by the Plaintiff and his counsel were heavily redacted, causing transparency and clarity issues.

69. While the records did contain law enforcement notes from the alleged victims, these were heavily redacted.

70. There were no notes from any other persons with knowledge of the investigation, aside from the alleged victims.

71. No audio or video recordings were provided to the Plaintiff and his counsel.

72. The statements of the alleged victims themselves were also heavily redacted.

73. When Plaintiff's counsel asked the custodians of the records for the basis of the redactions, no specific FOIA exception was provided.

74. However, the custodians did cite the need to "protect the [alleged] victims," thereby seeming to invoke FOIA's law enforcement exception (5 U.S.C. § 552(b)(7)).

75. As of the filing of this complaint, Defendants have still not provided a full response to Plaintiff's FOIA requests, or permitted him to inspect his full records under the Privacy Act.

76. The Coast Guard's Special Board action was initiated upon receipt of the adverse CG-3307. The CG-3307, in turn, states that its adverse findings were made after review of the CGIS investigation and related materials. Thus, the investigative and administrative records requested by Plaintiff are central to the factual basis of the personnel action now threatening Plaintiff's continued service.

77. Plaintiff seeks the prompt processing and production of records to which he is entitled under FOIA and the Privacy Act so that he may meaningfully exercise his available rights in the Coast Guard's ongoing administrative process.

78. Without timely access to the complete investigative and administrative record, including reasonably segregable non-exempt portions of the CGIS report of investigation, exhibits, recordings, witness materials, command and legal reviews, and administrative routing materials, Plaintiff cannot intelligently assess the evidence relied upon, identify omissions or inaccuracies, prepare responsive submissions, or seek appropriate administrative relief before the adverse action proceeds.

### *Plaintiff's First Claim*

### **Violation of 5 U.S.C. § 552(a)(6)(A)(i) – Defendants Failed to Make a Timely Determination on Plaintiff's FOIA Requests.**

79. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

80. Under 5 U.S.C. § 522(a)(6)(C), a person making a request for materials under FOIA "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" of FOIA.

81. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency is required to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request."

82. Defendants United States Department of Homeland Security, United States Coast Guard, and United States Coast Guard Sector Charleston are all agencies subject to FOIA, 5 U.S.C. § 552, and must therefore release in response to a FOIA request any disclosable records in their possession at the time of the request and provide a lawful reason for withholding materials as to which they are claiming an exemption.

83. Here, Defendants failed to make a timely determination on Plaintiff's FOIA request.

84. On or about June 3, 2026, Plaintiff sent a FOIA request to Defendants United States Coast Guard Sector Charleston and the United States Department of Homeland Security.

85. The June 3, 2026, FOIA request asked for:

> "All releasable information in any form, including
>
> Under the FOIA and PA, any email, including government email and text messages, to or from Warrant Officer Agent Keith E. Bosworth, USCG/CGIS (keith.e.bosworth@uscg.mil); Captain Shawn A. Lansing, USCG, Commanding Officer, Sector Charleston, at Shawn.A.Lansing@uscg.mil and Commander Christopher M. Nichols, USCG, Executive Officer, Sector Charleston, at Chistopher.M.Nichols@uscg.mil, pertaining to LTJG Carter dated on or after March 1, 2026, to May 31, 2026.

> Under the FOIA and PA, any and all records pertaining to any case files or investigations and/or subsequent and related adverse administrative action pertaining to LTJG Carter, between on or about November 21, 2025, to the present (June 3, 2026). Specific documents include but are not limited to:
>
> Any and all preliminary inquiries, command investigations, CGIS reports of investigation, each with all exhibits and enclosures
>
> Any and all endorsements thereon
>
> Staff Judge Advocate review memoranda
>
> Memoranda of the office of the Chief Prosecutor
>
> Any and all other records related, such as personnel file documentation (e.g. adverse fitness evaluation and/or Page 7's and rebuttal matters submitted and any and all staffing memoranda and accompanying exhibits and enclosures regarding the issuance of the May/June 2026 page 7 by CAPT Lansing to LTJG Carter."

86. Plaintiff authorized the documents to be released to his counsel, signed the request under penalty of perjury pursuant to 28 U.S.C. § 1746, included his date and place of birth as well as his current address, and attached a copy of his driver's license.

87. On or about June 5, 2026, counsel for Plaintiff sent a follow up FOIA request, again directed to Defendants United States Coast Guard Sector Charleston and the United States Department of Homeland Security.

88. The June 5, 2026, FOIA request asked for:

> Requested under the FOIA and PA, any and all records pertaining to any case files or investigations and/or subsequent and related adverse administrative action pertaining to LTJG CARTER, between on or about November 21, 2025, and the present. Specific documents include, but are not limited to any/all CGIS Reports of Investigation, each all exhibits and enclosures, including videos.

89. Plaintiff did not receive a response to either request in 20 business days.

90. Instead, on or about August 25, 2026, counsel for Plaintiff received the following reply (quoted in pertinent part from Defendant United States Coast Guard's FOIA Office:

> This acknowledges receipt of your Freedom of Information Act/Privacy Act (FOIA/PA) request to the U.S. Coast Guard (USCG) dated 6/3/2026, and seeking any emails (and texts) regarding an individual dated on or after 3/1/26 through 5/31/26 in addition to any and all preliminary inquiries, command investigations, and CGIS Reports of Investigation. Your request was received in this office on 6/3/2026.
>
> Please be advised that DHS FOIA regulations at 6 C.F.R. Part 5 §5.3(a), provide, in the case of third-party information requests, you will obtain the greatest access if you provide a statement from the individual verifying his or her identity and certifying that individual's agreement that records concerning him or her may be accessed, analyzed and released to a third party. DHS regulations require that absent a statement from the subject of the records permitting you to access such records the Coast Guard is required to balance the privacy interests of the subject of the records against any public interest in the records that you have articulated. Because you have not articulated sufficient public interest in the information, we are unable to initiate a search for responsive records.
>
> The individual must also verify their identity. The DHS regulations, 6 CFR Part 5 § 5.21 ( d), require verification of their identity, including your full name, current address and date and place of birth. The request must be made in writing, must contain their signature, and should either be notarized or contain a statement made under penalty of perjury as permitted by 28 U.S.C. 1746.
>
> Alternatively, the subject of the records may complete the Department of Justice (DOJ) Certification of Identity form (DOJ-361), which can be found here: https://www.justice.gov/ust/file/doj361_form.pdf/dl
>
> This is not a denial of your request. Upon receipt of a perfected request, you will be advised as to the status of your request.
>
> If you have any questions or would like to discuss this matter, please feel free to contact this office at 206-815-7438.

91. But Plaintiff had previously compiled with the requirements noted in the email – he had certified his agreement that records pertaining to him be divulged to his counsel, and he had submitted his driver's license, full name, current address, date and place of birth, and signed pursuant to 28 U.S.C. § 1746, under penalty of perjury.

92. Plaintiff was later permitted to inspect some documents which were partially responsive to his FOIA request with his counsel, on August 27, 2026.

93. However, it is unknown to Plaintiff whether these records were fully responsive to his June 3 and June 5, 2026, FOIA requests. *See Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973) ("In light of [FOIA's] overwhelming emphasis upon disclosure, it is anomalous but obviously inevitable that the party with the greatest interest in obtaining disclosure is at a loss to argue with desirable legal precision for the revelation of the concealed information").

94. Defendants also failed to provide Plaintiff with copies of records that were responsive to his FOIA request on August 27, 2026.

95. Generally, agencies are required to provide copies of responsive records when served with a FOIA request. *See SAI v. Transportation Security Administration*, 315 F.Supp.3d 218, 240 (D.D.C. 2018).

96. While exceptions exist for records which the agency has made publicly available in another format, *see Lardner v. F.B.I.,* 875 F.Supp.2d 49 (D.D.C. 2012), or where copies would be excessively difficult or costly for the agency to produce, *see Chamberlain v. U.S. Dept. of Justice,* 957 F.Supp. 292 (D.D.C. 1997), neither exception is met in Plaintiff's case.

97. A "mere opportunity to inspect" – such as the Defendants provided here – does not "meet the disclosure responsibility imposed by the FOIA." *Perry v. Block*, 684 F.2d 121, 124 n. 14, 125 (D.C.Cir.1982).

98. Defendants were therefore required to provide Plaintiff with copies of responsive records to his FOIA requests within 20 business days of June 3 and 5, 2026, and/or explain their reasons, if any, for denying Plaintiff's FOIA requests. They have not done so.

99. As such, the Defendants have failed to make a timely determination on Plaintiff's FOIA request, in violation of 5 U.S.C. § 552(a)(6)(A)(i).

***Plaintiff's Second Claim***

**Violation of 5 U.S.C. §§ 552(a)(3)(A), 552(a)(8)(A)(i) – Defendants Improperly Withheld Records Responsive to Plaintiff's FOIA Requests.**

100. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

101. Under 5 U.S.C. § 552(a)(3)(A), an agency "must upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

102. Under 5 U.S.C. § 552(a)(8)(A)(i), when withholding material in response to a FOIA request, agencies must "articulate both the nature of the harm [from release] and the link between the specified harm and specific information contained in the material withheld." *Reps. Comm. For Freedom of the Press v. FBI*, 3 F.4th 350, 369 (D.C. Cir. 2021).

103. Here, Defendants improperly withheld records responsive to Plaintiff's FOIA requests.

104. As detailed above, Defendants did not make a timely determination on Plaintiff's FOIA requests. The "mere opportunity to inspect" various records provided to Plaintiff by the Defendants does not "meet the disclosure responsibility imposed by the FOIA." *Perry*, 684 F.2d at 124 n. 14, 125.

105. Defendants' failure also amounts to an improper withholding of records. *See* 5 U.S.C. § 552(a)(3)(A).

106. Moreover, during Plaintiff's opportunity to review the records on August 27, 2026, Defendants did not provide Plaintiff with fully responsive records to his June 3 and 5, 2026, FOIA requests.

107. The records which were reviewed by the Plaintiff and his counsel were heavily redacted, causing transparency and clarity issues.

108. While the records did contain law enforcement notes from the alleged victims, these were heavily redacted.

109. There were no notes from any other people with knowledge of the investigation, aside from the alleged victims.

110. No audio or video recordings were provided to the Plaintiff and his counsel.

111. The statements of the alleged victims themselves were also heavily redacted.

112. When Plaintiff's counsel asked the custodians of the records for the basis of the redactions, no specific FOIA exception was provided.

113. However, the custodians did cite the need to "protect the [alleged] victims," thereby seeming to invoke FOIA's law enforcement exception (5 U.S.C. § 552(b)(7)).

114. Under such exception, any withholding agency is required to provide a reasonably segregable portion of the record. 5 U.S.C. § 552(b).

115. Defendants did not do so here. The redactions were excessive and prevented Plaintiff and his counsel from undertaking a comprehensive review of the records responsive to their FOIA request.

116. The stakes are incredibly high here for Plaintiff – he is potentially facing a separation board which has the power to end his military career and issue him an unfavorable characterization of service.

117. For this reason, it is imperative that the Plaintiff have any reasonably segregable portion of the records rightly available to him under the FOIA.

118. Defendants also did not provide a written explanation for their redactions and omissions to the Plaintiff.

119. Redactions and omissions are permissible under the FOIA, but the reasons for such redactions and omissions must be provided to the party seeking the information by the agency in writing. 5 U.S.C. § 552(a)(6)(A)(i)(I)-(III).

120. When relying on a FOIA exemption to withhold records, an agency must "provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977),

121. A FOIA-responding agency also bears the burden to "demonstrate it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably

expected to produce the information requested." *Kowal v. United States Department of Justice,* 107 F.4th 1018, 1027 (D.C. Cir. 2024) (internal citations omitted).

122. By failing to provide any sort of written explanation for their redactions and omissions, Defendants have not satisfied this standard.

123. The only explanation offered by the Defendants for their redactions and omissions – a verbal statement by the custodians of the records that the redactions and omissions were undertaken to "protect the [alleged] victims" – is far too "conclusory…vague or sweeping" to satisfy FOIA's requirements. *Campbell v. U.S. Dept. of Justice,* 164 F.3d 20, 30 (D.C. Cir. 1988).

124. For all these reasons, Defendants have improperly withheld records responsive to Plaintiff's FOIA requests, in violation of 5 U.S.C. §§ 552(a)(3)(A), 552(a)(8)(A)(i).

***Plaintiff's Third Claim***

**Violation of 5 U.S.C. § 552a(d)(1) – Defendants Improperly Denied Plaintiff's Request to View His Own Records Under the Privacy Act.**

125. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

126. Under 5 U.S.C. § 552a(d)(1), "Each agency that maintains a system of records shall…upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him."

127. Under 5 U.S.C. § 552a(g)(1)(B), if an agency "refuses to comply with an individual request under subsection (d)(1) of this section," the individual concerned may "bring a civil action against the agency."

128. In such a suit, the reviewing court may "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo, and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth in subsection (k) of this section, and the burden is on the agency to sustain its action." 5 U.S.C. § 552a(g)(3)(A).

129. Here, Defendants did not permit Plaintiff to review his entire "record, or…any information pertaining to him," and Defendants also did not permit Plaintiff to make copies of his record. 5 U.S.C. § 552a(d)(1).

130. On August 27, 2026, counsel for Plaintiff, and Plaintiff himself, were finally given an opportunity to review records related to the Coast Guard investigation, pursuant to Plaintiff's repeated entreaties and FOIA and Privacy Act requests.

131. Upon information and belief, there were significant absences in the records.

132. In addition to other omissions, the records reviewed by Plaintiff and his counsel did not include a Coast Guard Form 5354A.

133. Given the nature of the misconduct alleged against Plaintiff, it seriously strains credulity to think that the Defendants do not have in their possession a Coast Guard Form 5354A regarding the Plaintiff.

134. And in fact, the visible section of the CGIS report annotated that a "CG_5354A.pdf" regarding the Plaintiff was uploaded to its reporting system on December 10, 2025. But such a PDF version of the Coast Guard Form 5354A was conspicuously absent from the inspection provided to Plaintiff and his counsel.

135. Moreover, no audio or video recordings were provided to the Plaintiff and his counsel, although, upon information and belief, such audio and video recordings exist.

136. Such conduct violates 5 U.S.C. § 552a(d)(1), which permits Plaintiff to review "his record [and] any information pertaining to him which is contained in the system" upon request, and to have a person of his choosing accompany him in such review.

137. Plaintiff was also not permitted to create copies of the records, in further violation of 5 U.S.C. § 552a(d)(1).

***Prayer for Relief***

WHEREFORE, Plaintiff prays that judgment be entered:

(a) Ordering Defendants to release all responsive documents to Plaintiff's FOIA requests, in unredacted form, as provided under the FOIA; and,

(b) Ordering Defendants to permit Plaintiff to fully inspect his records as provided for under the Privacy Act; and,

(c) Granting Plaintiff an award of reasonable attorney's fees for the costs of bringing this action, as provided under the FOIA (5 U.S.C. § 552(a)(4)(E)(i)) and Privacy Act (5 U.S.C. § 552a(g)(3)(B)); and,

(d) Any other and further relief as the Court may deem, in the circumstances, be just and proper.

Dated September 5, 2026.

Respectfully submitted,

*/s/ Dylan Thayer*

Dylan Thayer
DC Bar No. 90015821

Law Office of Dylan T. Thayer, P.L.L.C.
5350 MacArthur Boulevard, NW

Washington, DC 20016
240-620-9640
dtthayer@thayeradminlaw.com

*Attorney for Plaintiff*